UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD DONALD GRECH, JR.,

        Petitioner,

                                        CASE NO. 07-11311
v.                                      HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

**ORDER
GRANTING RESPONDENT'S MOTION FOR AN EXTENSION OF TIME,
STAYING PETITIONER'S EXHAUSTED CLAIMS,
DISMISSING THE UNEXHAUSTED CLAIM,
AND CLOSING CASE FOR STATISTICAL PURPOSES**

**I. Introduction**

Petitioner Edward Donald Grech, Jr., has filed a pro se habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's convictions and sentence for two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.82, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On August 29, 2005, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of nine to twenty-five years for the assault convictions. The Michigan Court of Appeals affirmed Petitioner's conviction, and on October 31, 2006, the Michigan Supreme Court denied leave to appeal. See People v. Grech, 722 N.W.2d 872 (2006).

Petitioner filed his habeas corpus petition on March 27, 2007. The grounds for relief allege that (1) his plea bargain was illusory, (2) the trial court relied on facts that

were not admitted in evidence, nor determined by a jury, and (3) he was denied effective assistance of trial and appellate counsel.

Respondent moved for an enlargement of time to file a responsive pleading and then filed an answer to the habeas petition, arguing that Petitioner failed to exhaust state remedies for all his claims. Specifically, argues Respondent, Petitioner failed to raise his third claim in the Michigan Court of Appeals. Petitioner retained counsel and filed a motion to stay this action or to hold the Court's decision in abeyance for eighteen months until Petitioner can exhaust state remedies for his claims.

## II.  Discussion

Initially, the Court notes that Respondent's answer to the habeas petition is timely. Accordingly, her motion for an enlargement of time [Doc. 6, Sept. 26, 2007] is GRANTED. The remaining issue is whether Petitioner exhausted state remedies for all his claims.

The Supreme Court has explained that --

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the " ' "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Petitioner raised his first and second claims in the Michigan Court of Appeals and

2

in the Michigan Supreme Court. He raised his third claim in the Michigan Supreme Court, but not in the Michigan Court of Appeals. Presentation of the claim for the first time to the State's highest court on discretionary review, without more, did not constitute "fair presentation" for purposes of the exhaustion doctrine. Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, the habeas petition is a "mixed" petition of two exhausted claims and one unexhausted claim.

Absent unusual or exceptional circumstances, a federal district court must dismiss habeas petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982); O'Guinn v. Dutton, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This leaves the petitioner with the option of returning to state court to exhaust state remedies or of filing an amended petition in federal court with only the exhausted claims. Rose, 455 U.S. at 510.

A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d). "The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." Pliler v. Ford, 542 U.S. 225, 230 (2004).

> In light of this dilemma, courts are not precluded from
> 
> retain[ing] jurisdiction over a meritorious claim and stay[ing] further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the

3

> alternative of simply denying a petition containing unexhausted but nonmeritorious claims, see 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). Of course, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005).

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See [Zarvela v. Artuz, 254 F.3d 374, 380-81 (2d Cir. 2001)].

Id. at 277-78.

Petitioner is not engaged in abusive litigation tactics or intentional delay, and he alleges that his appellate attorney was "cause" for his failure to raise the issue about trial counsel on direct appeal. It would not be an abuse of discretion to hold Petitioner's first two claims in abeyance and permit Petitioner to pursue state remedies for his unexhausted third claim, which is not plainly meritless. Accordingly, Petitioner's first and second claims are stayed, and his third claim is dismissed without prejudice.

The Court's stay of Petitioner's exhausted claims is conditioned on Petitioner filing a motion for relief from judgment in the trial court **within sixty (60) days** of the date of this order if he has not already filed done so. If he is unsuccessful in state court,

4

he must seek to reinstate this action within **sixty (60) days** of exhausting state remedies.

     The Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

                                  s/John Corbett O'Meara
                                  United States District Judge

Date: January 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 3, 2008, by electronic and/or ordinary mail.

                                  s/William Barkholz
                                  Case Manage